UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER:10-20123
                                    HONORABLE VICTORIA A. ROBERTS

v.

DAVID BRIAN STONE,
DAVID BRIAN STONE, JR.,
JOSHUA MATTHEW STONE,
TINA MAE STONE,
JOSHUA JOHN CLOUGH,
MICHAEL DAVID MEEKS,
THOMAS WILLIAM PIATEK,
KRISTOPHER T. SICKLES,
JACOB J. WARD,

        Defendant(s).
_____/

## ORDER

On April 22, 2010, Defendants expressed their desire to compel the testimony of the Government's case agent at the detention hearing scheduled for April 27, 2010. The Government says it does not have to produce live witnesses; it has the absolute right to proceed by proffer at a detention hearing.

The Court agrees with the Government that it may proceed by proffer. *See United States v. Webb*, 2000 WL 1721060 at *2 (6th Cir. Nov. 6, 2000) ("A full evidentiary hearing was not required. The government may proceed in a detention hearing by proffer or hearsay") (citing *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986)).

However, the Government's decision to proceed by proffer does not answer

1

whether Defendants may call the Government's case agent as an adverse witness.

18 U.S.C. §3142(f) says: "The [defendant] shall be afforded an opportunity to testify, *to present witnesses*, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." (Emphasis added). §3142(f) is silent on whether the Defendants may call an adverse witness.

Based on the nature of the charges in the Indictment, there is a presumption that no condition or combination of conditions will reasonably assure the Defendants' appearance as required and the safety of the community. Defendants have the burden to rebut this presumption by producing sufficient evidence to show their release would not pose a flight risk or a danger to any person or the community. *See United States v. Gray*, 2001 WL 1176408 at \*\*2 (6th Cir. Sept. 26, 2001).

If Defendants do rebut the presumption, the Government has the burden to persuade the Court, by a preponderance of the evidence, that no conditions of release can reasonably assure Defendants' appearance, and, by clear and convincing evidence, that no conditions of release can assure the safety of the community. *See United States v. Cashin*, 739 F.Supp. 1107, 1110 (E.D. Mich. 1990).

One factor for the Court to consider in determining whether the Defendants rebutted the presumption that they are a danger to the community, and whether the Government met its burden, is the nature and circumstances of the offenses. *See* 18 U.S.C. §3142(g)(1).

In arguing for Defendants' detention pending trial, the Government relied heavily on the nature and circumstances of the offenses. Testimony from the Government's case agent will shed light on the nature and circumstances of the offenses, and whether

Defendants' release would present a danger to any person or the community. Because the Government has opted not to present the case agent as a witness at the detention hearing, and the burden of production starts with the Defendants, they may compel the case agent's testimony in an effort to meet their burden.

Finally, the Court has broad discretion in how it conducts the detention hearing. This discretion includes the ability to allow the Defendants to call adverse witnesses, *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Joost*, 1994 WL 667011 at *4 (1st Cir. Nov. 30, 1994); *United States v. Acceturo*, 783 F.2d 382, 388-89 (3rd Cir. 1986), and the ability to require direct testimony when a proffer is insufficient or has questionable accuracy. *See United States v. Webb*, 1998 WL 381686 at *1 (6th Cir. June 22, 1998) (citing *United States v. Acevedo-Ramos*, 755 F.2d 203, 207 (1st Cir. 1985); *United States v. Delker*, 757 F.2d 1390, 1395 (3rd Cir. 1985); *United States v. Gaviria*, 828 F.2d 667 (11th Cir. 1987)).

The Government argues that the Court must adjourn the detention hearing indefinitely until the *Touhy* regulations are satisfied.

The Attorney General established *Touhy* regulations with regard to testimony requested in litigation. *See* 28 C.F.R. §16.23(c):

> [i]f oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

However, the Government does not present law to support its proposition, that the *Touhy* regulations apply to Government agents testifying at detention hearings.

More importantly, to require the Defendants to comply with the *Touhy* regulations

3

before a detention hearing can occur, is adverse to 18 U.S.C. §3145(b), which says a motion to revoke a detention order "shall be determined *promptly*." (Emphasis added).

The Court **GRANTS** Defendants' request to compel the testimony of the Government's case agent at the detention hearing.

The case agent's testimony will be limited to information that will assist the Court in making a determination as to whether the Defendants are a flight risk or a danger to the community.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 26, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 26, 2010.

s/Carol A. Pinegar
Deputy Clerk