**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

          Plaintiff(s),          CASE NUMBER: 10-20123
                                            HONORABLE VICTORIA A. ROBERTS

v.

**D-1 DAVID BRIAN STONE,
D-2 DAVID BRIAN STONE, JR.,
D-3 JOSHUA MATTHEW STONE,
D-4 TINA MAE STONE,
D-5 JOSHUA JOHN CLOUGH,
D-6 MICHAEL DAVID MEEKS,
D-7 THOMAS WILLIAM PIATEK,
D-8 KRISTOPHER T. SICKLES,
D-9 JACOB J. WARD,**

          Defendant(s).
_____/

**ORDER DENYING THE GOVERNMENT'S
MOTION FOR EXTENSION OF STAY PENDING APPEAL**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On May 3, 2010, the Court released all nine Defendants on bond with significant conditions to reasonably assure their appearance in Court as required, and the safety of the community.

Subsequently, the Government filed a "Motion for Stay of Order Granting Defendants' Motions for Revocation of Detention Orders, and Brief in Support Thereof."

The Court granted a limited stay of its May 3, 2010 Order, and gave the Government time to obtain permission from the Solicitor General to file an appeal, and to address the four factors the Court must consider before it could make a reasoned

1

decision on the appropriateness of a stay of its May 3rd Order.

Today, the Government filed a Notice of Appeal (Doc. #143), and a Supplemental Brief in Support of Extension of Stay Pending Appeal. (Doc. #149).

The Government failed to persuade the Court that Defendants must be detained until trial. Accordingly, the Court **DISSOLVES** its limited stay, and orders Defendants released.

## II.     ARGUMENTS AND ANALYSIS

The four factors the Court must consider are:

(1)     the likelihood of the Government's success on appeal;

(2)     whether the Government would be irreparably injured if the stay is denied;

(3)     whether a stay would substantially harm the Defendants; and

(4)     the public interest.

*See United States v. Barrigar*, 2006 U.S. Dist. LEXIS 23212, *8 (E.D. Mich. April 26, 2006) (citation omitted). The first two factors are said to be the most important. To justify a stay, the Government must demonstrate serious questions going to the merits, and irreparable harm that outweighs the harm inflicted on others if a stay is granted. *Id.* (citing *Family Trust Found. of Kentucky v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004)).

"These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

## A. LIKELIHOOD OF THE GOVERNMENT'S SUCCESS ON APPEAL

In support of its argument that it will succeed on appeal, the Government says: (1) two Magistrate Judges found in favor of detention; (2) this Court only released Defendants after it imposed strict supervision requirements, and substantial restrictions on Defendants' liberty and access to firearms; and (3) this Court failed to consider the evidence presented beyond speech.

At the detention hearing held in Detroit for eight of the Defendants, the Magistrate Judge made his decision based solely on the Government's proffer. At the Indiana detention hearing for the remaining Defendant, the Magistrate Judge heard testimony from a Special Agent, and from three defense character witnesses. The Special Agent in Indiana could not answer many of the questions about the investigation because the investigation was handled by the Detroit Division of the FBI.

This Court held two days of hearings in which the Government case agent and her testimony figured prominently. The Court also heard the testimony of a number of people who were appointed to serve as third-party custodians.

This Court conducted an exhaustive review of the transcripts of the hearings before the Magistrate Judges, considered the exhibits introduced at those hearings, and considered new exhibits, testimony, and proffers presented at its own *de novo* proceeding. The Court outlined findings of fact in its May 3, 2010 Order, which will not be reiterated here.

The Order of May 3, 2010 did not outline all of the evidence presented, including the corroborating evidence the Government directs it to now. However, contrary to what the Government says in its Supplemental Brief, the Court did consider evidence beyond

3

speech in assessing Defendants' dangerousness (e.g., Defendants surrendered peacefully when they were arrested on these charges, there was no resistance, no weapons drawn, and no threats made to the arresting agents; all of the Defendants' weapons and ammunition were legal; there is no evidence that Defendants' weapons were used to commit an assaultive crime; and, none of the Defendants has ever engaged in assaultive behavior, including the two years that the Hutaree was under investigation).

Admittedly, the Court did not consider Defendants' acquisition of large stockpiles of firearms and ammunition.  However, no proffer was offered concerning the time frame in which the Defendants acquired their lawful firearms and ammunition.  Nor was there evidence that corroborated the Government's position that the Defendants stockpiled firearms and ammunition to commit Seditious Conspiracy to overthrow the United States Government.  Indeed, at the detention hearing in Indiana, the Special Agent testified that it is possible Defendant Thomas William Piatek spent a lifetime collecting his firearms and ammunition.

Further, the Government's position that the Defendants sought to acquire explosive devices, is weakened by the evidence that the agents found no explosive devices when Defendants were arrested on these charges.  And, defense counsel proffered that the schematic of the explosive device provided to the Government's undercover agent was from a publicly-available Internet website, and "is certainly not a diagram to make an IED."

Ironically, in addressing this factor, the Government makes a weight of the evidence argument.  However, the Government has said the weight of the evidence is

the least important factor the Court should consider in making its bond decision. Now, the Government urges the Court to take certain evidence into greater account, and weigh it in the Government's favor.

As the Court explained in its Order, a significant portion of its Order was devoted to a discussion of the evidence because the seriousness of the charged offenses, the weight of the evidence, and whether the Defendants are a danger to the community, are inextricably intertwined. However, the Court made no determination that either the Government or the Defendants would ultimately prevail on the merits; the Court merely pointed out the complex legal issues involved in this case, which needed to be taken into account, perhaps more so than in other cases.

To demonstrate the likelihood that it will prevail on the merits in the Sixth Circuit, and that Defendants must be detained pending trial, the Government must demonstrate that this Court's factual findings were clearly erroneous. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The Government fails to address this. Importantly, the Government fails to challenge at all, the individualized findings the Court made with respect to each Defendant, including that conditions could be set that would reasonably assure the Defendants' appearance in Court as required, as well as the safety of the community.

The Government also does not address the cases cited in the Court's Order, in which defendants were charged with serious crimes, and released on bond. These cases include a defendant with a prior conviction for conspiring to bomb school buses, who was charged with seditious conspiracy. Here, the Defendants either have no criminal history, or only misdemeanor convictions.

Further, the Government says the Court did not conclude that Defendants are not dangerous. That is a true statement, but the Court was not required to draw that conclusion. *See United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985):

> the district court erred in interpreting the "reasonable assure" standard set forth in the statute as a requirement that release conditions "guarantee" community safety and the defendant's appearance. Such an interpretation contradicts both the framework and the intent of the pretrial release and detention provision of the 1984 Act.

This Court released Defendants on the "least restrictive . . . combination of conditions" that would reasonably assure their appearance and the safety of the community. *See* 18 U.S.C. §3142(c)(1)(B).

Finally, the Government must demonstrate that the conditions the Court set will not reasonably assure the Defendants' appearance and the safety of the community. It fails to do this. Instead, the Government relies exclusively on the seriousness of the charges. The Court sufficiently addressed in its May 3, 2010 Order, why that reliance is misplaced, given that so much of the Government's case is based on the words spoken by the Defendants.

This factor weighs in favor of release.

### B. IRREPARABLE INJURY AND PUBLIC INTEREST

In attempting to meet its burden on these two factors -- irreparable injury and public interest -- the Government argues that if Defendants are released, there is a risk that they will do harm or flee. This argument is circular and conclusory.

The Court's Pretrial Services Agency determined that the Defendants were not a flight risk, and all of the Defendants have family ties and ties to their respective communities.

More importantly, the Government simply failed to establish, by clear and convincing evidence, that the seriousness of the charges alone, is sufficient for the Court to conclude that there are no conditions that will reasonably assure the safety of the community.  This burden may even been heightened, where the evidence that Defendants conspired to overthrow the United States Government is weak.

Certainly, the public has an interest in insuring the safety of its communities.  But, the public also has an interest in making certain that our laws are abided by.  The Bail Reform Act mandates that the Court "impose the least restrictive conditions of bond consistent with its responsibility to assure the safety of the community[.]"  *See Barrigar*, 2006 U.S. Dist. LEXIS, *9.

These factors weigh in favor of neither party.

### C.      HARM TO THE DEFENDANTS

 Defendants are presumed innocent of all charges against them.   Indeed, entitlement to bond does not reside with either guilt or innocence.  This presumption of innocence is part and parcel of why, "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *See United States v. Salerno*, 481 U.S. 739, 755 (1987).  Defendants will be substantially harmed if this Court fails to take these guiding principles into account in asking the question, can reasonable bond conditions be set?

While two of the charges in this case create a presumption that no condition, or combination of conditions, will reasonably assure Defendants' appearance in Court as required, and the safety of the community, the presumption does not *de facto* result in an irrebuttable presumption.  *See Hazime*, 762 F.2d at 35.  The Court explained in its

May 3, 2010 Order that each Defendant produced sufficient evidence to rebut the presumption in favor of detention.

In addition, Defendants can better assist their attorneys in preparing their defense, if they are released.

Importantly, the Government concedes that this factor carries some weight for the Defendants.

This factor weighs in favor of release.

## III. CONCLUSION

The Government's motion is **DENIED**. The Government did not demonstrate serious questions going to the merits, nor did it demonstrate that there is irreparable injury to the Government, or to the public, which outweighs the harm Defendants would suffer if a stay is granted.

The Defendants must be released.

**IT IS ORDERED**.

                                                   s/Victoria A. Roberts
                                                   Victoria A. Roberts
                                                   United States District Judge

Dated: May 5, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 5, 2010.

s/Linda Vertriest
Deputy Clerk

---