**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                    Plaintiff,      Criminal No. 10-cr-20123

v.                               Honorable Victoria A. Roberts

D-2 DAVID BRIAN STONE, JR.,      Honorable Paul Komives

                    Defendant.

_____ /

**RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

The United States of America, by and through its undersigned attorneys, responds to defendant's motion to dismiss as follows:

1. Defendant David Brian Stone, Jr. and his codefendants are charged in the First Superseding Indictment with conspiring to oppose by force the authority of the United States in violation of 18 U.S.C. § 2384 (Count One), conspiring to use weapons of mass destruction in violation of 18 U.S.C. § 2332(a)(a)(2) (Count Two), teaching and demonstrating the use of explosives in violation of 18 U.S.C. §842(p)(2) (Count Three), use, carrying, and possession of firearms in connection with crimes of violence (Counts Four through Seven),  and other firearms offenses (Counts Eight through Fifteen).

2. Defendant Stone, Jr. has moved to dismiss Count One through Seven. The other defendants have joined in this motion.

3. The defendant's motion should be denied, for the following reasons:

a. Each of these counts contains a facially valid charge of the elements of the charged offense, apprises the defendant of the charge against him so that he may prepare a defense, and provides protection against a later prosecution for the same offense. Thus these charges may not be dismissed on pretrial motion.

b. The conspiracies charged in Counts One and Two do not constitute "thought crimes," or crimes of advocacy, discussion, expression, or publication of ideas. Those counts charge conspiracies to commit violence, not to advocate violence. Thus they are not subject to First Amendment analysis and do not require a "clear and present danger" of imminent lawless action. Further, even if such a requirement were present, it would not be appropriate to decide in a pretrial motion that the proofs do not support it.

c. Count One properly and adequately charges a conspiracy to oppose by force the authority of the United States government, and to hinder by force the execution of United States laws. Thus it may not be dismissed.

For these reasons, and for the reasons set forth in the brief in support of this response, the government respectfully requests that this court deny defendant's motion.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/ Sheldon N. Light
SHELDON N. LIGHT (p28798)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9732
Email: sheldon.light@usdoj.gov

s/Joseph L. Falvey, Jr.
JOSEPH L. FALVEY, JR. (P51171)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9610
Email: Joseph.Falvey@usdoj.gov

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Email: Jonathan.Tukel@usdoj.gov

Dated: November 5, 2010

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                              Plaintiff,      Criminal No. 10-cr-20123

v.                                            Honorable Victoria A. Roberts

D-2 DAVID BRIAN STONE, JR.,                   Honorable Paul Komives

                              Defendant.
_____ /

**BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO**
**<u>DEFENDANT'S MOTION TO DISMISS INDICTMENT</u>**

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Anderson v. United States*, 273 F. 20 (8th Cir. 1921). . . . . . . . . . . . . . .  8, 17, 18

*Baldwin v. Franks*, 120 U.S. 678 (1887). . . . . . . . . . . . . . . . . . . . . . . . . .  8, 17, 18

*Brandenburg v. Ohio*, 395 U.S. 444 (1969). . . . . . . . . . . . . . . . . . . . .  11, 13-15, 17

*Bridges v. California*, 314 U.S. 252 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Bryant v. United States*, 257 F. 378 (5th Cir. 1919). . . . . . . . . . . . . . . . . . . . . .  8

*Burks v. United States*, 437 U.S. 1 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

*Costello v. United States*, 350 U.S. 359 (1956). . . . . . . . . . . . . . . . . . . . . . . . .  6

*Dennis v. United States*, 341 U.S. 494 (1951) . . . . . . . . . . . . . . . . . . . . . . . .  11, 13

*Hartzel v. United States*, 322 U.S. 680 (1944) . . . . . . . . . . . . . . . . . . . . . . . . .  16

*Haywood v. United States*, 268 F. 795 (7th Cir. 1920). . . . . . . . . . . . . . . . . . . .  8

*Herndon v. Lowry*, 301 U.S. 242 (1937). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

*Hess v. Indiana*, 414 U.S. 105 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

*Iannelli v. United States*, 420 U.S. 770 (1975) . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Landmark Communications v. Virginia*, 435 U.S. 829 (1978). . . . . . . . . . . . .  15

*Noto v. United States*, 367 U.S. 290 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Orear v. United States*, 261 F. 257 (5th Cir. 1919). . . . . . . . . . . . . . . . . . . . . .  8

*Phipps v. United States*, 251 F. 879 (4th Cir. 1918). . . . . . . . . . . . . . . . . . . . . .  8

*Reeder v. United States*, 262 F. 36 (8th Cir. 1919). . . . . . . . . . . . . . . . . . . . . . .  8

*Regina v. Bass*, 11 Mod. 55 Eng.Rep. 881 (K.B.1705). . . . . . . . . . . . . . . . . . .  10

*Sandroff v. United States*, 158 F.2d 623 (6th Cir. 1946). . . . . . . . . . . . . . . . . . 7

*United States v. Alessi*, 638 F.2d 466 (2d Cir. 1980). . . . . . . . . . . . . . . . . . . . . 7

*United States v. Ayarza-Garcia*, 819 F.2d 1043 (11th Cir. 1987). . . . . . . . . . . 6

*United States v. Bayer*, 331 U.S. 532 (1947). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Calandra*, 414 U.S. 338 (1974). . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Craft*, 105 F.2d 1123 (6th Cir. 1997). . . . . . . . . . . . . . . . . . . 7

*United States v. Felix*, 503 U.S. 378 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Jeter*, 775 F.2d 670 (6th Cir. 1985). . . . . . . . . . . . . . . . . . . 12

*United States v. Maldonado-Rivera*, 922 F.2d 934 (2d Cir. 1990). . . . . . . . . . 7

*United States v. Moss*, 604 F.2d 569 (8th Cir. 1979) . . . . . . . . . . . . . . . . . . . 12

*United States v. Rahman*, 189 F. 3d 88 (2d Cir. 1999). . . . . . . . . . . . 11, 12, 14

*United States v. Rodriguez*, 803 F.2d 318 (7th Cir. 1986). . . . . . . . . . . . . . . 1, 8

*United States v. Rowlee*, 899 F.2d 1275 (2d Cir. 1990). . . . . . . . . . . . . . . 11, 12

*United States v. Schulman*, 817 F.2d 1355 (9th Cir. 1987) . . . . . . . . . . . . . . . 6

*United States v. Shabani*, 513 U.S. 10 (1994) . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Short*, 671 F.2d 178 (6th Cir. 1982). . . . . . . . . . . . . . . . . . . . 7

*United States v. Thompson*, 76 F.3d 442 (2d Cir. 1996). . . . . . . . . . . . . . . . . 12

*Universal Milk Bottle Service v. United States*, 188 F.2d 959

    (6th Cir. 1951). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Watts v. United States*, 394 U.S. 705 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Wells v. United States*, 257 F. 605 (9th Cir. 1919). . . . . . . . . . . . . . . . . . . . . . 8

*Wisconsin v. Mitchell*, 508 U.S. 476 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Yates v. United States* (354 U.S. 298 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

## RULES

**Fed. R. Crim. P. 12(b)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Fed. R. Crim. P. 12(b)(1)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Fed. R. Crim. P. 12(b)(2)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATUTES

**18 U.S.C. § 2332a** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**18 U.S.C. § 2332a(a)(2)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**18 U.S.C. § 2384** . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8, 10, 11, 12, 13, 17

**18 U.S.C. § 6 (1940 ed.)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17

**18 U.S.C. §842(p)(2)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**18 U.S.C. §924(c)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**18 U.S.C. §2385** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## INTRODUCTION

Defendant David Brian Stone, Jr. moves to dismiss Counts One through Seven of the First Superseding Indictment. Each of his codefendants has joined this motion. Defendant argues, in essence, that these counts all charge (or hinge upon charges of) a "thought crime" that is subject to the "clear and present danger" test for crimes based upon speech, and for that reason should be dismissed without a trial. The short answer to this motion is that the indictment is valid on its face, it properly charges the essential elements of each of the offenses, and it thus may not be dismissed prior to a trial on the merits. A longer answer is that defendant's motion misconceives the First Amendment cases upon which he relies: those cases revolve around criminal charges that are brought based upon pure advocacy, discussion, expression, or publication of ideas. Such charges may be brought, but only if the expressions or utterances charged present a danger of imminent lawless action. However, those cases do not apply where the crime charged is a conspiracy to commit – not just to advocate – violent lawless action, as is the case here. Because of the dangers presented by criminal conspiracies, there is a strong government interest in thwarting such conspiracies before they ripen into violent action. *United States v. Rodriguez*, 803 F.2d 318, 320 (7th Cir. 1986). And because a conspiracy – an agreement between two or more persons to commit acts of violence – is much more than a "thought crime" or mere advocacy, the "clear and present danger" test does not apply.

## THE CHARGES IN THE
## SUPERSEDING INDICTMENT

Count One of the First Superseding Indictment charges defendant David Brian Stone, Jr., along with his eight codefendants, with conspiracy "to oppose by force the authority of the Government of the United States, and to prevent, hinder, and delay by force the execution of United States laws, including federal laws regarding the sale, purchase, receipt, possession, and use of firearms and destructive devices," in violation of 18 U.S.C. §2384.[1] (Count One, ¶2). The vehicle of this conspiracy was an organization calling itself the "Hutaree," which advocated and prepared for violence against local, state, and federal law enforcement. (General Allegations, ¶6). The "Hutaree" agreed to oppose by force what it called "the Brotherhood," consisting of federal, state, and local law enforcement agencies. (General Allegations, ¶8). In preparation for its planned use of force against the authority of the government, the "Hutaree" met regularly over a period of more than two years for military-style training (General Allegations ¶11, Count One, ¶5(b)), they were instructed in the manufacture and use of destructive devices and

---

1.      18 U.S.C. §2384 provides in pertinent part:

If two or more persons in any State or Territory, or in any place subject to the jurisdiction of the United States, conspire to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, or to oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take or possess any property of the United States contrary to the authority thereof [they shall be guilty of a crime.]

18 U.S.C. § 2384; *see also* 18 U.S.C. § 6 (1940 ed.). While § 2384 is called the "seditious conspiracy" statute, the word "sedition" does not appear in the text of the statute.

weapons of mass destruction (*Id*.), and they assembled a vast arsenal that included machineguns, short-barreled rifles, numerous other firearms, many thousands of rounds of ammunition, and explosives and other items that could readily be assembled to build destructive devices including IEDs. (General Allegations ¶12, Count One, ¶ 5(a)). An object of this preparation, and of the conspiracy, was to use violence to provoke a response by the government, leading to an armed conflict in which the "Hutaree" would conduct military operations against the government. (Count One, ¶4). More specifically, conspirators planned to kill a member of local law enforcement and then to attack those attending the funeral with homemade mortars, IEDs, and EFPs. (Count One, ¶5(c)). Conspirators took affirmative steps towards implementing this plan. For example, they obtained diagrams for building IEDs and EFPs  and provided materials to an undercover agent to build them with. (Count One, ¶5(d)). In January and February, 2010, they made and shared with each other plans to conduct a reconnaissance exercise in April, 2010, in which anyone who came upon the exercise could be killed. (Count One, ¶¶5(e & g)). Also, in February, 2010, in connection with a planned "summit" with other militia groups, defendant Stone, Sr. solicited the undercover agent to provide four anti-personnel IEDs to take with the group to the summit. (Count One, ¶5(h)). On March 27, 2010, the FBI arrested Stone Sr. and several other conspirators. However, one defendant, Joshua Stone, evaded arrest for two days by implementing the group's protocol for reporting to a predetermined "rally point" for armed defense, and by engaging in a standoff until March 29. (Count One, ¶5(h)).

Count Two of the First Superseding Indictment charges defendant David Brian Stone, Jr., along with his eight codefendants, with conspiracy "to use, without lawful authority, one or more weapons of mass destruction, specifically explosive bombs, explosive mines, and other similar explosive devices, against persons and property within the United States, that is, local, state, and federal law enforcement officers and vehicles owned and used by local, state, and federal law enforcement agencies," in violation of 18 U.S.C. § 2332a(a)(2).[2] Count Two incorporates by reference the general allegations and the allegation of Count One, which provide a factual outline of the defendants' conspiracy to use weapons of mass destruction.

Count Three of the First Superseding Indictment charges defendants David Brian Stone and David Brian Stone, Jr. with a specific instance of teaching and demonstrating the making and use of an explosive, destructive device, and weapon of mass destruction, in furtherance of the conspiracies charged in Counts One and Two, in violation of 18 U.S.C. §842(p)(2).[3]

---

2.    18 U.S.C. § 2332a provides in pertinent part:

A person who, without lawful authority, . . . conspires to use, a weapon of mass destruction . . . (2) against any person or property within the United States, and (A) the mail or any facility of interstate or foreign commerce is used in furtherance of the offense; (B) such property is used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce; (C) any perpetrator travels in or causes another to travel in interstate or foreign commerce in furtherance of the offense; or (D) the offense, or the results of the offense, affect interstate or foreign commerce, or, in the case of a threat, attempt, or conspiracy, would have affected interstate or foreign commerce . . . [shall be guilty of a crime.]

3.    18 U.S.C. § 842(p)(2) provides in pertinent part:

Counts Four through Seven charge the defendants with using and carrying firearms during and in relation to crimes of violence, or possessing firearms in furtherance of crimes of violence, in violation of 18 U.S.C. §924(c). These charges relate to activities on two specific dates (August 22, 2009 and February 20, 2010), and the predicate crimes of violence are the conspiracies charged in Counts One and Two.

## ARGUMENT

### I.  BECAUSE EACH CHALLENGED COUNT OF THE INDICTMENT IS FACIALLY VALID, THERE IS NO AUTHORITY TO DISMISS ANY OF THEM

Rule 12(b) of the Federal Rules of Criminal Procedure provides: "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion."  Rule 12(b)(2) provides that "[d]efenses and objections based on defects in the indictment or information," must be raised prior to trial.  As a general rule, "[a] Rule 12(b)(1) motion to dismiss is

---

It shall be unlawful for any person—

(A) to teach or demonstrate the making or use of an explosive, a destructive device, or a weapon of mass destruction, or to distribute by any means information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction, with the intent that the teaching, demonstration, or information be used for, or in furtherance of, an activity that constitutes a Federal crime of violence, or

(B) to teach or demonstrate to any person the making or use of an explosive, a destructive device, or a weapon of mass destruction, or to distribute to any person, by any means, information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction, knowing that such person intends to use the teaching, demonstration, or information for, or in furtherance of, an activity that constitutes a Federal crime of violence. . . .

appropriately granted when it is based on questions of law rather than fact."
*United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987) (citation omitted).
"The 'general issue' has been defined as evidence relevant to the question of guilt or innocence.  It follows that a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue.  Rule 12 is not intended to authorize 'speaking motions' through which the truth of the allegations in an indictment are challenged."  *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987) (citations omitted).

Because motions to dismiss test only the legal sufficiency of the indictment, it is a well-settled principle of criminal law that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charges on the merits."  *Costello v. United States*, 350 U.S. 359, 363 (1956); *accord, United States v. Calandra*, 414 U.S. 338, 344-45 (1974).  Indeed, as the Sixth Circuit has held, a motion to dismiss an indictment, based on a claim that the government's proofs will not establish the charges, "is not an attack on the indictment based on the objection that it failed to state an offense.  It is, rather, an answer to the allegations of the indictment claiming that those allegations are false and untrue.  These are issues of fact.  In a criminal case, such issues are to be tried by a jury[.]"  *Universal Milk Bottle Service v. United States*, 188 F.2d 959, 962 (6th Cir. 1951).  In *Universal Milk*, "[T]he issue presented by the defense or objections raised by appellants in their motions is that

the allegations of the indictment are false and untrue." *Id.* "This is the general issue, and this issue could only be determined on the trial. Appellants, therefore, under Rule 12, can not present such a defense or raise such an objection by a motion to dismiss the indictment." *Id.*

An indictment for conspiracy is valid if it charges the essential elements of the offense, apprises the defendant of the charges against him so that he may prepare his defense, and provides protection against later prosecution for the same crime. *United States v. Craft*, 105 F.2d 1123, 1127 (6th Cir. 1997); *Sandroff v. United States*, 158 F.2d 623, 624-25 (6th Cir. 1946). Criminal cases should not involve preliminary or "mini-trial" proceedings to address the adequacy of the grand jury process or the quality of the evidence supporting the charges, *id.*; "[a]ny other rule would wreak havoc, particularly in conspiracy cases." *United States v. Short*, 671 F.2d 178, 182 (6th Cir. 1982)(reversing dismissal of indictment because indictment valid on its face and grand jury legally constituted; district court may not test government's evidence before trial).

Each of the challenged counts contains allegations of the essential elements of the crime charged; hence each is facially valid. Thus, for example, Count One properly alleges, in paragraph 2, using the language of the statute, a conspiracy in violation of 18 U.S.C. § 2384. The essence of any conspiracy offense is an agreement to commit one of the objective offenses. *Cf. United States v. Felix*, 503 U.S. 378, 389-90 (1992); *United States v. Bayer*, 331 U.S. 532, 542 (1947); *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990); *United States v. Alessi*, 638

F.2d 466, 473 (2d Cir. 1980).

Section 2384 does not require that an overt act be charged or proven. *United States v. Rodriguez*, 803 F.2d 318, 320 (7th Cir. 1986); *Anderson v. United States*, 273 F. 20, 23 (8th Cir. 1921); *Reeder v. United States*, 262 F. 36, 38 (8th Cir. 1919); *Orear v. United States*, 261 F. 257, 259 (5th Cir. 1919). The crime is complete once two conspirators reach the proscribed agreement, and only one of the alternative conspiratorial agreements described in the statute need be proved to establish liability. *Bryant v. United States*, 257 F. 378, 387 (5th Cir. 1919).

An intent to use force is essential to a violation of the statute. *Baldwin v. Franks*, 120 U.S. 678, 693 (1887); *Anderson v. United States*, 273 F. at 26; *Anderson v. United States*, 269 F. 65, 76 (9th Cir. 1920); *Haywood v. United States*, 268 F. 795, 800 (7th Cir. 1920); *Wells v. United States*, 257 F. 605, 612 (9th Cir. 1919) ("force is an essential element of the offense, . . . and . . . mere solicitation or entreaty without a purpose of applying or using force to accomplish the ends sought to be attained" is  insufficient to establish the offense); *Phipps v. United States*, 251 F. 879, 880 (4th Cir. 1918). As the Ninth Circuit explained in *Wells*, 257 F. at 614, "[i]t [is] not necessary to show that force was actually employed but only that there was a conspiracy entered into that contemplated the employment of force[.]"

Similarly, Count Two properly alleges, using the statutory language, a conspiracy to use weapons of mass destruction; Count Three does the same regarding the teaching and demonstration of use of explosives; and Counts Four through Seven properly allege the use, carrying, and possession of firearms in

8

connection with the crimes of violence allege in Counts One and Two. Each of these charges is facially valid and thus not subject to dismissal before trial.

## II.   THE PRINCIPAL COUNTS CHALLENGED BY DEFENDANT CHARGE CONSPIRACY TO COMMIT VIOLENT ACTS, NOT ADVOCACY, AND ARE NOT SUBJECT TO DISMISSAL UNDER THE "CLEAR AND PRESENT DANGER" DOCTRINE

### A.   The crimes charged here are not "thought crimes" or crimes of advocacy

The defendant characterizes the charges in this case as a "thought crime." Then, relying on a familiar line of Supreme Court cases relating to pure advocacy, discussion, or expression of ideas, he seeks to fit this case into that paradigm and require proof of a "clear and present danger" of imminent harm before he can be found guilty of the charges. And then, presuming that such a danger could not be established on the evidence in this case, he says the charges should be dismissed. He is wrong. The conspiracies charged here were not mere "thought crimes." They were not pure advocacy, hypothetical discussions, or the exchange of ideas. The indictment charges the defendants with a conspiracy, an agreement, to oppose by force the authority of the government – **not** merely to advocate such opposition. A conspiracy to prevent, hinder, and delay by force the execution of United States law – **not** merely to advocate such hindrance. And, in Count Two, a conspiracy to use weapons of mass destruction against persons and property within the United States, that is, law enforcement officers and their vehicles – **not** merely to advocate such an action. The cases cited and quoted at length by defendant are inapposite.

In minimizing these conspiracies as a mere "thought crime" the defendant

seems to claim that, under the seditious conspiracy statute, the mere thought of opposing the government, if shared by another person, constitutes a crime. However, there is a vast chasm between "merely thinking about" a crime and agreeing with another person to commit it. *United States v. Shabani*, 513 U.S. 10, 16 (1994) ("that the law does not punish criminal thoughts" does not mean it holds immune each "offense [that] is predominantly mental in composition;" a conspiracy, including one that does not require proof of an overt act, "does not punish mere thought; the criminal agreement itself is the *actus reus* and has been so viewed since *Regina v. Bass*, 11 Mod. 55, 88 Eng.Rep. 881, 882 (K.B.1705) ("[T]he very assembling together was an overt act"); *see also Iannelli v. United States*, 420 U.S. 770, 777 (1975) ("Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act") (citations omitted).

In a § 2384 conspiracy, moreover, the gulf from mere thought is widened by the added element that the agreement must contemplate the use of force. *Cf. Shabani* (upholding narcotics conspiracy statute which requires only proof of agreement (i.e., no overt act need be proved), and has no additional scienter element (such as intent to use force)).

> B.   18 U.S.C. §2384 punishes conspiracy to commit violence, not criminal syndicalism or advocacy of violence, and thus does not implicate the First Amendment

Notwithstanding defendant's contention that application of § 2384 to his conduct implicates his First Amendment rights, the statute, as discussed above, actually punishes forms of criminal conspiracy – conduct which has no direct

bearing on any protected First Amendment interest. Further, contrary to defendant's misunderstanding, §2384 does not define a so-called syndicalism crime – i.e., an offense which "by definition, deal[s] with the teaching and promoting of terrorism, force and violence for the purpose of accomplishing political or industrial change." *United States v. Rowlee*, 899 F.2d 1275, 1277 n.1 (2d Cir. 1990) (distinguishing criminal conspiracies that enjoy no First Amendment protection from syndicalism crimes, where free expression principles are relevant, although by no means necessarily dispositive, in a defendant's favor); *compare Brandenburg v. Ohio*, 395 U.S. 444, 447-49 (1969). Section 2384 does not focus on expression at all (except, of course, to the extent that any conspiracy statute involves communication among members of a conspiracy to both plan and execute the criminal agreement); it similarly impacts on "association" only inasmuch as association is a necessary ingredient of conspiracy.

This distinction is clearly made in *United States v. Rahman*, 189 F. 3d 88 (2d Cir. 1999). Acknowledging that the Supreme Court has imposed First Amendment restrictions on laws punishing subversive advocacy, the court stated that "[i]t remains fundamental that while the state may not criminalize the expression of views – even including the view that violent overthrow of the government is desirable – it may nonetheless outlaw encouragement, inducement, or conspiracy to take violent action." *Id*. at 115. After reviewing *Dennis v. United States*, 341 U.S. 494 (1951) and subsequent subversive advocacy cases – *Yates v. United States* (354 U.S. 298 (1957) and *Brandenburg v. Ohio*, 395 U.S. 444 (1969) – the court held:

> The prohibitions of the seditious conspiracy statute are much further removed from the realm of constitutionally protected speech than those at issue in *Dennis* and its progeny. To be convicted under Section 2384, one must conspire to use force, not just to advocate the use of force. We have no doubt that this passes the test of constitutionality.

*Id.*[4] Based on other recent Supreme Court First Amendment decisions, the court found it "clear that a line exists between expressions of belief, which are protected by the First Amendment, and threatened or actual uses of force, which are not." *Id.*

Thus, free speech principles do not support the defendant against the charged conspiracies. As the Second Circuit reasoned in *United States v. Rowlee*, *supra*:

> [i]t rarely has been suggested that the constitutional freedom for speech . . . extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute. *New York v. Ferber*, 458 U.S. 747, 761-62 . . . (1982) [quotation and citation omitted]. Put another way, "[S]peech is not protected by the First Amendment when it is the very vehicle of the crime itself. *E.g.*,. . . 18 U.S.C. §§ 371-372 (1964) (Conspiracy)." *United States v. Varani*, 435 F.2d 758, 762 (6th Cir. 1970).

899 F.2d at 1278; *cf. United States v. Thompson*, 76 F.3d 442, 452 (2d Cir. 1996); *United States v. Jeter*, 775 F.2d 670, 678 (6th Cir. 1985); *United States v. Moss*, 604 F.2d 569, 571 (8th Cir. 1979) (speeches and explanations which incite violation of federal law "not entitled to first amendment protection and, . . . sufficient action to constitute aiding and abetting"). Indeed, "[t]he First Amendment . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to

---

4.      The defendant attempts to dismiss this holding by claiming that *Rahman* involved only a facial challenge to the statute, while his challenge is only to the statute as applied. He is wrong. Even if this distinction made any difference to the constitutional analysis (which it does not), the fact is that Abdel Rahman also made an as-applied challenge to the statute, which the Second Circuit rejected under the same analysis it used for his facial challenge. 189 F.3d at 116-17.

prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993).

*Dennis v. United States* rejected constitutional challenges to the Smith Act (now 18 U.S.C. § 2385), which criminalizes, *inter alia*, conspiracy to advocate the violent overthrow of the United States government. The Smith Act directly targets communication, in the form of advocacy, while § 2384 focuses on agreements to commit acts of violence.  *See Dennis*, 341 U.S. at 497, 546, 581-82 (Douglas, J., dissenting) (pointing out that the Smith Act concerns  conspiracy to advocate, not conspiracy to do violence against the government); *id.* at 581-82 (Frankfurter, J., concurring) (making the same observation). Notwithstanding the "element of speech" inherent in a Smith Act offense, *see id*. at 502-03; *see also id*. at 516 (Frankfurter, J., concurring); *id.* at 561 (Jackson, J., concurring), the Court found that even in the "advocacy" context it was well within Congress's authority to enact legislation "[t]he obvious purpose of [which was] to protect existing Government, not from change by peaceable, lawful and constitutional means, but from change by violence, revolution and terrorism." *Id*. at 501. After tracing the history of its First Amendment jurisprudence, *id*. at 502-08, the Court upheld the Smith Act, concluding:

> [o]verthrow of the Government by force and violence is certainly a substantial enough interest for the Government to limit speech. Indeed, this is the ultimate value of any society, for if a society cannot protect its very structure from armed internal attack, it must follow that no subordinate value can be protected.

*Id.* at 509; *see also Brandenburg v. Ohio*, 395 U.S. at 447-488 n.2 (observing that *Dennis* embodied the principle that advocacy may be restrained when it "is directed

13

to inciting or producing imminent lawless action and is likely to incite or produce such action"); *Yates v. United States*, 354 U.S. at 305-12 (Smith Act targets advocacy directed at inciting unlawful action, not advocacy of abstract doctrine), *overruled on other grounds*, *Burks v. United States*, 437 U.S. 1 (1978).

Furthermore, even if this were a syndicalism case, defendant's claim would fail. As observed by the Supreme Court in *Brandenburg*, 395 U.S. at 448, a critical distinction exists between the abstract advocacy of force and, as here, "preparing a group for violent action and steeling it to such action." As *Brandenburg* and subsequent cases establish, even direct restraints on speech advocating the use of force or violation of law are permissible "where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite and produce such action." *Id.* (footnote omitted). This is the gist of the reference to *Brandenburg* in Judge Mukasey's opinion denying defendant Abdel Rahman's motion to dismiss, *United States v. Rahman* 1994 WL 388297 (S.D.N.Y. 1994), to which defendant refers in his brief at 6-7. The court did not determine that an imminence requirement applied to the case before it. That was not even at issue in Abdel Rahman's motion. Rather, the court was observing that, even if the case involved pure advocacy, conviction would be possible under *Brandenburg*.

C.   First Amendment case law, properly examined, does not apply to violent conspiracies

Stone is trying to apply First Amendment principles that relate only to cases involving advocacy, discussion, or publication of ideas, to an indictment in which

the charge is not advocacy of violence, but conspiracy to commit violence. This faulty premise can perhaps best be exposed by examining the facts of the cases he relies upon.

The leading case in this area, *Brandenburg v. Ohio*, involved a conviction under the Ohio syndicalism statute for mere advocacy, in the form of speeches given by the defendant at a Ku Klux Klan rally in Hamilton County. Recognizing that "mere abstract teaching * * * of the moral propriety or even moral necessity for a resort to force and violence, is not the same as preparing a group for violent action and steeling it to such action," 395 U.S. at 448, *quoting Noto v. United States*, 367 U.S. 290, 297-98 (1961), the Court went on to hold that such advocacy could only be punished if it presented an incitement to imminent lawless action. *Id.* at 449. Of course, the case did not involve a charge, or evidence, of an actual conspiracy to commit violent acts.

*Landmark Communications v. Virginia*, 435 U.S. 829 (1978), which the defendant cites with a garbled quotation in the opening paragraph of his argument (Brief at 4) is even farther from the present case. In *Landmark Communications* a newspaper was criminally prosecuting  for publishing a truthful story about certain judicial disciplinary proceedings; relying on the "clear and present danger" test, the Court reversed the convictions. This case did not involve a conspiracy, or even advocacy, but mere communication of information.

Similarly, *Bridges v. California*, 314 U.S. 252 (1941), involved a criminal prosecution of newspapers for their publication of editorial comments on pending

court proceedings; again applying a "clear and present danger" analysis the Court reversed, stating that "the substantive evil must be extremely serious and the degree of imminence extremely high before utterances can be punished." *Id*. at 263. The state sought to punish mere "utterances" in a newspaper editorial, and this was found unconstitutional.

*Hartzel v. United States*, 322 U.S. 680 (1944) was a prosecution for violation of the Espionage Act of 1917, based on pure advocacy. The defendant published pamphlets opposing American participation in Word War II, denouncing our allies, and assailing the integrity and patriotism of the President. *Id*. at 683. The appeal did not challenge the constitutionality of the prosecution, *id*. at 686; it went to the sufficiency of the evidence. The Court reversed, finding insufficient evidence of the defendant's specific intent to cause insubordination or disloyalty, or to obstruct recruiting or enlistment. *Id*. at 686-87. Again, the prosecution was strictly for utterances. Similarly, in *Herndon v. Lowry*, 301 U.S. 242 (1937), the defendant was convicted, based on pamphlets and other Communist Party materials found in his possession, of attempt to incite insurrection under Georgia law. There was no evidence of distribution or use of these materials, and the Court found the evidence insufficient to establish incitement or attempted incitement to insurrection by violence. *Id*. at 259-60. Accordingly, the Court found the statute unconstitutional as applied to the defendant's possession of these materials. *Id*.

*Watts v. United States*, 394 U.S. 705 (1969) was a Presidential threat case, involving mere utterances made in the context of opposition to the draft during the

war in Vietnam; while finding the statute constitutional on its face, the Court reversed the conviction, because the defendant's speech was political hyperbole, not a "true threat." *Id.* at 708. And in *Hess v. Indiana*, 414 U.S. 105 (1973), another Vietnam war case, the defendant was convicted of disorderly conduct based on words he spoke during an antiwar demonstration in Bloomington, Indiana. Relying on *Brandenburg*, the Court found that the defendant's words were not advocacy and not likely to produce imminent disorder; thus they could not be punished without violating his First Amendment rights. *Id.* at 108-09. These prosecutions were for words alone; neither of these cases involved an actual conspiracy to commit a crime.

The principle to be derived from this line of cases is not difficult: if the government is to criminally punish pure advocacy, speech, or publication or discussion of ideas without violating the First Amendment, it must meet the test of "clear and present danger" of imminent lawless action. But this line of cases does not extend to actual conspiracies, that is, agreements among two or more persons to commit acts of violence or other lawless acts.

### III.   COUNT ONE OF THE SUPERSEDING INDICTMENT PROPERLY CHARGES DEFENDANTS WITH OPPOSING BY FORCE THE AUTHORITY OF THE GOVERNMENT AND WITH PREVENTING, HINDERING, AND DELAYING BY FORCE THE EXECUTION OF UNITED STATES LAWS

The defendant seeks dismissal of Count One of the Superseding Indictment based on *Baldwin v. Franks*, 120 U.S. 678 (1887) and *Anderson v. United States*, 273 F. 20 (1921). In each of those cases a the government charged violations of Rev. St. § 5336, 18 U.S.C. §6, the predecessor statute to 18 U.S.C. §2384. And in each of

those cases the charges framed in the indictments included specific allegations of the intended use of force against persons or entities other than the United States government.[5] Because the charges did not involve the intended use of force against the United States Government, as required by the statute, the indictments were dismissed. This case is distinguishable. The superseding indictment here clearly charges a conspiracy to oppose by force the United States government, and to hinder by force the execution of United States laws, and the indictment describes the manner and means of this conspiracy in some detail, relating the defendants' agreement to oppose by force law enforcement as a whole, including federal law enforcement, for the purpose of provoking and inciting conflict. More details will be filled in by the evidence at trial. Unlike the charges in *Baldwin* and *Anderson*, these charges clearly involve the intended use of force to oppose the government, including the United States government, and the execution of its laws.

---

5.      In *Baldwin* the alleged use of force was against Chinese immigrants, who were forcibly driven from the town of Nicolaus, California; there was no allegation of the involvement or intended use of force to oppose the government. 120 U.S. at 681, 682. And in *Anderson* the charges revolved around the possession and distribution of pamphlets, literature, and other materials by members of the I.W.W., 273 F. at 24-25. Though the indictment charged an intended use of force by the defendants, the court found that "its application was to be made against industrial and commercial activities and interests" and thus "specifically charge[d] that a force was to be exerted in a manner and for a purpose not within the statute. . . ." *Id*. at 26-27.

CONCLUSION

For these reasons, the government respectfully requests that the court deny

defendant 's motion to dismiss.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/ Sheldon N. Light                                 s/Joseph L. Falvey, Jr.
SHELDON N. LIGHT (p28798)          JOSEPH L. FALVEY, JR. (P51171)
Assistant United States Attorney          Assistant United States Attorney
211 W. Fort Street, Suite 2001               211 W. Fort Street, Suite 2001
Detroit, MI 48226                                   Detroit, MI 48226
Phone: (313) 226-9732                           Phone: (313) 226-9610
Email: sheldon.light@usdoj.gov          Email: Joseph.Falvey@usdoj.gov

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Email: Jonathan.Tukel@usdoj.gov

Dated: November 5, 2010

19

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2010, I electronically filed the foregoing document  with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

William Swor, Esq.                          Richard Helfrick, Esq.

James Thomas, Esq.                       Michael Rataj, Esq.

Randall Roberts, Esq.                    Mark Satawa, Esq.

Arthur Weiss, Esq.                         Henry Scharg, Esq.

Christopher Seikaly, Esq.              Mr. Todd A. Shanker, Esq.


s/Joseph L. Falvey, Jr.
JOSEPH L. FALVEY, JR. (P51171)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9610
Email: Joseph.Falvey@usdoj.gov