**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**　　　　　**CASE NUMBER: 10-20123**
　　　　　　　　　　　　　　　　　**HONORABLE VICTORIA A. ROBERTS**
**v.**

**D-7 THOMAS WILLIAM PIATEK,**

        **Defendant.**
_____/

## ORDER

In this motion, Defendant Thomas William Piatek asks the court to reconsider the magistrate judge's order denying as moot, his motion in limine. (Doc. # 243)

Defendant filed a Motion in Limine to preclude the Government from introducing evidence at trial of Piatek's past crimes, wrongs, or acts, without first seeking this Court's permission. *See* Fed. R. Evid. 404(b). Specifically, Piatek sought exclusion of evidence of: (1) a 1991 traffic incident; and (2) an alleged February 2010 domestic violence incident. (*Id.*) D-6 Matthew David Meeks and D-3 Joshua Matthew Stone joined in Piatek's motion.

The Court referred the matter to Magistrate Judge Paul Komives for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge conducted a hearing on November 17, 2010 and issued a memorandum order, denying Piatek's motion as moot in light of the Government's representations that it would not seek admission of evidence regarding these incidents in its case-in-chief, and that it

1

understands its obligation to provide reasonable pre-trial notice under Rule 404(b) if its intent changes.

Piatek filed an objection to the magistrate judge's order, arguing that because the issue could arise in the future, the Court should exercise its discretion to grant his motion. In response to Piatek's objection, the Government states that his motion is premature. The Government again asserts that it does not intend to introduce evidence of these two prior bad acts under Rule 404(b). Further, the Government agrees that, although such evidence may be admissible on cross-examination to rebut character evidence offered by the accused, it will not seek admission of this evidence without first informing the Court and Defendant, outside of the presence of the jury, of its intention to do so. (*Id.* at 4)

A district court will uphold a magistrate judge's order on a non-dispositive motion unless the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard does not entitle a reviewing court to reverse merely because it would have decided the case differently. *See Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). A finding is "clearly erroneous" only when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The magistrate judge did not clearly err in denying Piatek's motion as moot. The Government stipulated to the relief requested by agreeing not to introduce evidence related to the two incidents at issue in its case-in-chief. Rule 404(b) mandates that the Government provide reasonable notice "of the general nature of any such evidence"

before introducing evidence of other crimes, wrongs, or acts at trial. The Government acknowledges its obligation to provide reasonable notice if its intent changes. If it does so, Piatek can object then.

Likewise, even though not required to by the rules of evidence, the Government agrees to provide notice before attempting to offer such evidence in rebuttal. The Court may allow introduction of Piatek's prior bad acts if offered to rebut evidence of a pertinent trait of character offered by Defendant. Fed. R. Evid. 404(a)(1). Under Rule 405(a), when character evidence is admissible, "[o]n cross-examination, inquiry is allowable into relevant specific instances of conduct." Thus, the Court cannot decide the admissibility of the evidence at issue at this juncture. If Defendant does not open the door to prior bad act evidence, the need for an admissibility determination will not arise. Should the Government argue that Defendant did open the door, the Court must determine the relevance of the prior bad act evidence in light of the testimony such evidence seeks to rebut.

Although the Government agrees to provide notice before rebutting good character evidence on cross-examination, the Court will not require the Government to obtain the Court's permission; any such requirement is absent from the rules of evidence. The proper course, should defense counsel become concerned about the prosecutor's line of questioning, is for counsel to timely object and seek a ruling from the Court on admissibility at sidebar.

For the reasons stated in the magistrate judge's order, Piatek's motion is premature. Piatek's objection to the magistrate judge's order is denied; the magistrate judge's order is **AFFIRMED.**

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 7, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 7, 2010.

s/Linda Vertriest
Deputy Clerk