UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CASE NUMBER: 10-20123
                                            HONORABLE VICTORIA A. ROBERTS

v.

D-2 DAVID BRIAN STONE, et al.,

        Defendants.
_____/

## ORDER

**I.    INTRODUCTION**

Defendant David Brian Stone, Jr. asks the Court to reconsider the magistrate judge's Opinion and Order denying his motion for an *Enright* hearing, to determine the admissibility of co-conspirator statements.

Defendant filed a Motion for *Vinson-Enright* hearing to determine the admissibility of coconspirator statements, or statements made during the course and in furtherance of a conspiracy, under Fed. R. Evid. 801(d)(2)(E). The Government responded that the motion was premature; no coconspirator statements were identified as being offered under the Rule. The Government also says that many of the statements it intends to introduce will not be offered for the truth of the matter asserted, and that a hearing would be burdensome, time-consuming, and uneconomical.

The Court referred the matter to Magistrate Judge Paul Komives for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The magistrate conducted a hearing on November 17, 2010 and issued an Opinion and Order denying Defendant's

1

motion. (Doc. #240; Opinion and Order). The magistrate held the statements could be conditionally admitted, subject to the Government meeting its burden to prove their admissibility under Rule 801(d)(2)(E). Defendant filed objections to the magistrate's opinion. Co-defendants Tina Mae Stone, Michael David Meeks, Thomas William Piatek, Jacob J. Ward, Joshua Matthew Stone, David Brian Stone, and Joshua John Clough join.

## II. ARGUMENTS

Defendant argues that the magistrate erred by: (1) applying a legal presumption in favor of conditional admission, which is simply a popular preference; (2) using Defendant's suggestion for consolidation of related issues as a rationale for denying the mini-hearing; and (3) failing to consider the likelihood of a mistrial if hearsay statements are erroneously admitted.

The Government says the magistrate's decision was not clearly erroneous or contrary to law, and cites this Circuit's preference for the conditional admission of hearsay statements, subject to a later finding by the trial court that the requirements of Rule 801(d)(2)(E) have been met.

## III. ANALYSIS

### A. Standard of Review

A district court will uphold a magistrate judge's order on a non-dispositive motion unless the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard does not entitle a reviewing court to reverse merely because it would have decided the case differently. *Anderson v.*

*Bessemer City*, 470 U.S. 564, 573 (1985). A finding is "clearly erroneous" only when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### B. Co-conspirator Law

Under Fed. R. Evid. 801(d)(2)(E), a statement is not hearsay if the statement is offered against a party and it is made "by a coconspirator of [the] party during the course and in furtherance of the conspiracy." FED. R. EVID. 801 (d)(2)(E).

Before the Government can take advantage of the "co-conspirator exception" to the hearsay rule, three foundational requirements must be established. *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). "The government bears the burden of showing by a preponderance of the evidence that a conspiracy existed, that the defendant was a member of the conspiracy, and that the statement was made in the course and furtherance of the conspiracy." *United States v. Martinez*, 430 F.3d 317, 325 (6th Cir. 2005). These findings, often called *Enright* findings, are findings of fact that must be made by the district court pursuant to Fed. R. Evid. 104(a). *Id.* (citing *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978)); *United States v. Conrad*, 507 F.3d 424, 429 (6th Cir. 2007). The Court may consider the statements at issue when determining their admissibility under the exception. *Martinez*, 430 F.3d at 325. "Yet the statements alone are not enough; they must be corroborated by independent evidence." *United States v. Payne*, 437 F.3d 540, 544 (6th Cir. 2006) (citing *United States v. Clark*, 18 F.3d 1337, 1341-42 (6th Cir. 1994)).

The Sixth Circuit identifies three methods a court can use to determine the

3

admissibility of evidence under the co-conspirator exception. *Vinson*, 606 F.2d at 152-53 (6th Cir. 1979). The Court can conduct a "mini-hearing," without a jury, to hear evidence of the alleged conspiracy and make preliminary *Enright* findings. *Id.* at 152. Or, the Court can require the Government to produce the independent evidence of conspiracy at trial, before it attempts to introduce the hearsay, and the Court can make the *Enright* findings then. *Id.* The third alternative is for the Court to "admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence." *Id.* at 153.

### C. The Magistrate Did Not Commit Clear Error

Defendant asked the Court to use the mini-hearing method, prior to trial. The magistrate found, however, that this was not warranted. He observed that conditional admission, the third method, is the "normal course" and the "preference" in this Circuit. (Opinion and Order at 4, 5).

Defendant concedes that option three is a "popular preference" in this Circuit. And, the magistrate gave explicit reasons for declining to choose either of the other options. He stated that a pre-trial hearing would be burdensome and potentially unnecessary, and that requiring the Government to produce its non-hearsay evidence to establish the existence of a conspiracy prior to introducing the statements is not practical because "the proof involves an intricate, interwoven web of contacts." (Opinion and Order at 6) (citations and internal quotation marks omitted).

Contrary to Defendant's assertion, at no point did the magistrate state there is a legal presumption in favor of conditional admission. There is nothing in the magistrate's opinion to suggest that he did not carefully balance the pros and cons of each

4

alternative, prior to making a decision. While the magistrate acknowledged there may be more compelling reasons for a hearing in this case than there were in *United States v. Williams*, No. 06-20411, 2010 WL 272142 (E.D. Mich. Jan. 15, 2010), he said those reasons "are still insufficient to overcome the *preference* for conditional admissibility at trial." (Opinion and Order at 6) (emphasis added).

Defendant also contends the magistrate used Defendant's suggestion to consolidate issues at the hearing as a rationale for denying the hearing altogether. He contends the magistrate overlooked the district court's discretion to determine the scope of the hearing. Again, this contention is belied by the language of the opinion. The magistrate used Defendant's argument for consolidation of issues as support for his determination that a mini-hearing would, in fact, not be mini at all. And, he relied on "[t]he sheer volume of statements made by the alleged coconspirators and the centrality of these statements to the government's case" to make this determination, saying these factors "*compel* the conclusion that such a hearing would be anything but 'mini.'" (Opinion and Order at 5) (emphasis added).

The narrow issue here, is whether the Government can meet its burden to show by a preponderance of the evidence that a conspiracy existed, that Defendant was a member of the conspiracy, and that statements were made during the course and in furtherance of the conspiracy. Defendant says there is a "dearth of evidence" that there was a criminal agreement between the defendants and that he was a party to any such criminal agreement. (Brief ("Br.") in Support of Motion for *Vinson-Enright* Hearing at 8). However, "the concept of conspiracy as used in an evidentiary rule is different from the concept of conspiracy as a crime." 29A Am. Jur. 2d Evidence § 847 (West 2010). To

5

obtain the admission of coconspirator statements at trial, it is sufficient to demonstrate that the party opponent was engaged in a joint venture with third parties, and it is not necessary to show the combination was criminal or otherwise unlawful. *Id.*; *see also United States v. Martinez*, 825 F.2d 1451, 1452 (10th Cir. 1987) ("What must be proved by 'substantial, independent evidence' is that a combination existed between third parties and the defendant. It is not necessary, however, for the government to prove that the conspiracy was for unlawful purposes.").

Further, co-conspirator statements may be admitted under the exception where the conspiracy charged is not as broad as the conspiracy which forms the basis for admissibility of the statement, *United States v. Green*, 600 F.2d 154, 157 (8th Cir. 1979) ("It is well settled that the scope of the conspiracy charged does not limit the application of Fed. R. Evid. 801(d)(2)(E)."); *see also United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993) ("The conspiracy that forms the basis for admitting coconspirators' statements need not be the same conspiracy for which the defendant is indicted."), and where no conspiracy is charged in the indictment at all. *United States v. Ayotte*, 741 F.2d 865, 869 (6th Cir. 1984); 2 McCormick on Evidence § 259 (6th ed. 2009).

The other factors Defendant lists in support of a hearing, First Amendment concerns and the doctrine of *strictissimi juris*, simply have no bearing on the Government's ability to meet its burden. The magistrate noted this in his opinion. (Opinion and Order at 6-7).

S*trictissimi juris*, the standard of judging intent "according to the strictest law," arose from the Supreme Court's decision in *United States v. Scales*, 367 U.S. 203 (1961) and *United States v. Noto*, 367 U.S. 290 (1961). Those cases involved

6

prosecutions for alleged violations of the membership clause of the Smith Act, 18 U.S.C. § 2385, which proscribes, among other things, the knowing membership in an organization that advocates the overthrow of the United States Government by force or violence. *Scales*, 367 U.S. at 205. The petitioners were members of the Communist Party. They challenged the sufficiency of the evidence that the Communist Party was engaged in present advocacy of violent overthrow. *Id.* at 230; *Noto*, 367 U.S. at 291. The Court also addressed the requirement that petitioners have a "personal criminal purpose to bring about the overthrow of the Government by force and violence." *Noto*, 367 U.S. at 299; *Scales*, 367 U.S. at 229.

In *Scales*, the Court noted, "a [ ] blanket prohibition of association with a group having both legal and illegal aims" would present "a real danger that legitimate political expression or association would be impaired." 367 U.S. at 229. Instead, "[t]here must be clear proof that a defendant 'specifically intend(s) to accomplish (the aims of the organization) by resort to violence.'" *Id.* (*quoting Noto*, 367 U.S. at 299). In *Noto*, the Court said, specific intent "must be judged *strictissimi juris*" to avoid punishment for mere association with the legitimate aims of an organization. 367 U.S. at 299-300; *see also NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 920 (1982) ("For liability to be imposed by reason of association alone, it is necessary to establish that the group itself possessed unlawful goals and that the individual held a specific intent to further those illegal aims."); *United States v. Montour*, 944 F.2d 1019, 1024 (2d. Cir. 1991) ("Under *strictissimi juris*, a court must satisfy itself that there is sufficient direct or circumstantial evidence of the defendant's own advocacy of and participation in the illegal goals of the conspiracy and may not impute the illegal intent of alleged co-conspirators to the

7

actions of the defedant."); *United States v. Spock*, 416 F.2d 165, 173 (1st Cir. 1969) ("The specific intent of one defendant in a case such as this is not ascertained by reference to the conduct or statements of another even though he has knowledge thereof. The metastatic rules of conspiracy are at direct variance with the principle of *strictissimi juris*.") (internal citations omitted).

Courts use *strictissimi juris* only in narrow and very special circumstances. *United States v. Sanders*, 211 F.3d 711, 722 (2d Cir. 2000). In *United States v. Dellinger*, the Seventh Circuit explained:

> When group activity out of which the alleged offense develops can be described as a bifarious undertaking, involving both legal and illegal purposes and conduct, and is within the shadow of the first amendment, the factual issue as to the alleged criminal intent must be judged *strictissimi juris*. This is necessary to avoid punishing one who participates in such an undertaking and is in sympathy with its legitimate aims, but does not intend to accomplish them by unlawful means. Specially meticulous inquiry into the sufficiency of proof is justified and required because of the real possibility in considering group activity, characteristic of political or social movements, of an unfair imputation of the intents or acts of some participants to all others.

472 F.2d 340, 392 (7th Cir. 1972).

First Amendment and *strictissimi juris* concerns relate to the weight and sufficiency of the evidence against Defendant. The Court need not apply *strictissimi juris* to consider whether Defendant was a member of the conspiracy for purposes of Rule 801(d)(2)(E); as explained above, the conspiracy concept, as used in the rule of evidence, is different from the concept of a criminal conspiracy. To find that Defendant was a member of a conspiracy for purposes of Rule 801(d)(2)(E), the Court only needs to find that Defendant was a member of a joint venture or partnership, with a specific and established objective. Thus, Defendants' First Amendment and *strictissimi juris*

8

arguments are not appropriate considerations when weighing the need for an *Enright* hearing.

The fact that Defendant urges the *necessary* consideration of the First Amendment and *strictissimi juris* to determine whether the Government can meet its evidentiary burden, saying the Government will "necessarily have to establish by a preponderance of the evidence that the statements it intends to admit fall outside of the protections of the First Amendment" to meet its pre-trial evidentiary burden and that "this Court has an obligation to apply the doctrine [of *strictissimi juris*] not only to ultimate sufficiency questions, but to admissibility questions as well," (*see* Br. in Support of Motion for *Vinson-Enright* Hearing at 15, 17), supports the magistrate's conclusion that an *Enright* hearing would be a burdensome "trial before the trial." (Opinion and Order at 7).

Defendant's final contention does not warrant reversal of the magistrate's decision. Defendant says the magistrate clearly erred by failing to consider the likelihood of a mistrial if the statements are conditionally admitted. In *Vinson*, the Sixth Circuit warned that if the trial court conditionally admits the evidence under Rule 801(d)(2)(E), only to later conclude that the government "failed to carry its burden, it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." 606 F.2d at 153. However, the *Vinson* court did not require trial courts to expressly consider the likelihood of a mistrial when determining how best to receive evidence. Instead, the *Vinson* court stated that trial courts have "considerable discretion in controlling the mode and order of proof at trial" and that it will not "set forth hard and fast procedures" for making admissibility

determinations. *Id.* at 152. Defendant even concedes, in his motion for a hearing, that "the Sixth Circuit has not provided a specific set of factors that trial courts are to use in determining which *Vinson* method to employ." (Br. in Support of Motion for *Vinson-Enright* Hearing at 7).

Finally, the Court notes that no statements have even been identified by either party as fitting under the co-conspirator exception. Simply because the Government proffered statements at Defendant's detention hearing that it described as "statements of coconspirators," (*see* Reply Br. To Govt.'s Response to Motion for *Vinson-Enright* Hearing at 2), does not mean that the Government intends to introduce all of those statements at trial, or to rely on Rule 801(d)(2)(E). The Government says that many of the statements it may offer at trial, will not be offered for the truth of the matter asserted. Without knowledge of what was said–and what will be offered–the Court cannot make complete pre-trial *Enright* findings. *See Vinson*, 606 F.2d at 152 (in accordance with the Sixth Circuit's decision in *Enright*, to take advantage of the coconspirator exception, the government must show by a preponderance of the evidence that (1) a conspiracy existed; (2) defendant was a member of the conspiracy; *and (3) the hearsay statement was made in the course and in furtherance of the conspiracy*) (emphasis added); *Martinez*, 430 F.3d at 325 (noting that the statements at issue may be considered by the court in making *Enright* findings).

Likewise, if the Government offers out of court statements under an exception other than the co-conspirator exception, it will be a waste of judicial resources to hold an *Enright* hearing. *See Vinson*, 606 F.2d at 152 (noting that the pre-trial mini-hearing method has been criticized as burdensome, time-consuming and uneconomic). The

magistrate correctly observed that "it may be that many of the statements are admissible for some reason other than as coconspirator statements under Rule 801(d)(2)(E), either because they are not offered to prove the truth of the matter asserted or because they fall into one of the hearsay exceptions contained in Rules 803 and 802." (Opinion and Order at 5).

## IV. CONCLUSION

The magistrate's Opinion and Order is **AFFIRMED.**

**IT IS ORDERED.**

                                              /s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: January 4, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 4, 2011.
>
> s/Linda Vertriest
> Deputy Clerk

11