UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                                   Case No: 10-20123
                                                                     Honorable Victoria A. Roberts

DAVID STONE, ET AL,

    Defendants.

_____/

## ORDER PARTIALLY GRANTING DEFENDANTS' MOTION OPPOSING THE EMPANELING OF AN ANONYMOUS JURY

### I. INTRODUCTION

Before the Court is Defendant David Stone, Jr.'s Motion Opposing the Empaneling of an Anonymous Jury (Doc. #501). All Defendants join in the Motion. The motion is **GRANTED** in part. The Court will allow full disclosure of juror information to Counsel only, but will protect names, addresses, and places of employment from public disclosure.

### II. BACKGROUND

Defendants are charged with: (1) Seditious Conspiracy (18 U.S.C. § 2384); (2) Conspiracy to use Weapons of Mass Destruction (18 U.S.C. §2332a(a)(2)); (3) Use and Carrying of a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)); (4) Possessing a Firearm in Furtherance of a Crime of Violence (18 U.S.C. §924(c)(1)). In addition, Defendants David Stone, David Stone, Jr., and Joshua Stone are charged with various other weapons-related offenses.

1

On December 15, 2011, the Court notified counsel that jurors will enjoy anonymity. On December 19, 2011, Defendants filed a Motion Opposing the Empaneling of an Anonymous Jury. This motion is fully briefed and the Court does not require oral argument.

**III. ARGUMENTS**

Defendants say an anonymous jury infringes on the presumption of innocence by creating an inference that they are dangerous. Further, Defendants say that an anonymous jury is not warranted because they are not involved in organized crime, have not participated in a group with the capacity to harm jurors, and have not attempted to interfere with the judicial process. Defendants concede that the publicity of the case is an issue, but argue that on balance, it is not enough to warrant an anonymous jury.

The Government disagrees. Considering the nature of the charges and the extent of publicity that the case has already generated, the Government believes an anonymous jury is appropriate. The Government stresses that this case has received a high level of local and national media attention. In support of this argument, the Government lists numerous news articles that have appeared in the local and national media. The Government says the jurors and their lives will become a center of the media's focus once trial begins. The Government argues that empaneling an anonymous jury will avoid the risk of jury intimidation and improper influence. Any negative impact on Defendants is mitigated by an extensive voir dire and instructions to the jury. The Government makes no argument that juror safety is an issue.

In reply, Defendants say the Government fails to explain how empaneling an

anonymous jury will diminish media coverage. Defendants say the Court can instruct members of the media that any attempt to contact a sitting juror will be treated as contempt. Defendants also say the charges against Defendants are not enough to warrant an anonymous jury.

## IV.    ANALYSIS

### A.    Anonymous Jury

The decision to use an anonymous jury is "within the sound discretion of the trial court." *United States v. Talley*, 164 F.3d 989, 1001 (6th Cir. 1999), *cert. denied*, 526 U.S. 1137 (1999). A district court should not empanel an anonymous jury unless there are strong reasons to believe the jury is in need of protection, and the court takes reasonable precautions to ensure the defendants' fundamental rights are protected. *United States v. Lawson*, 535 F.3d 434, 439 (6th Cir. 2008) (citing *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir. 1991), *cert. denied*, 505 U.S. 1220 (1992)). "When empaneling an anonymous jury, the district court must provide the jurors with a 'neutral' and 'non-prejudicial' explanation." *United States v. Deitz*, 577 F.3d 672, 685 (6th Cir. 2009) (citations omitted). Protection of the jury from "unwanted publicity" is an appropriate neutral and non-prejudicial explanation. *Id.* at 686.

Situations in which anonymity is appropriate include--but are not limited to--cases in which there are: (1) very dangerous defendants involved in large scale organized crime, and who have participated in mob style killings and have attempted to interfere with the judicial process; (2) defendants with serious criminal records and a history of attempting to tamper with juries; and; (3) allegations of dangerous and unscrupulous

conduct coupled with extensive pretrial publicity.  *Id.* citing *United States v. Talley*, 164 F.3d at 1001-02 (referred to here as the "*Talley* factors.").

However, intensive media attention alone, is sufficient to warrant an anonymous jury.  *United States v. Dakota*, 197 F.3d 821, 827 (6th Cir. 2000).  The district court in *Dakota* empaneled a partially anonymous jury to minimize the "prejudicial effects" of "pretrial publicity and an emotional, political atmosphere that created a risk of jury intimidation and improper influence."  *Id.*

**B.    A Partially Anonymous Jury Is Necessary Due to Extensive Pretrial Publicity**

The Government says the most important factor weighing towards anonymity is the extensive media coverage as outlined above.  The Government's prediction that publicity will continue is neither unreasonable or unjustified, and is worthy of consideration.  With respect to the other factors, the Government does not allege any information that implicates juror safety.  It does not say the jury needs protection from Defendants, or that there is evidence that these Defendants have attempted to interfere with the judicial process, or tamper with jurors.

The media attention does give the Court pause; these jurors will be thrust into the eye of a storm simply because they have honored our request to perform this high civic duty. The strong possibility of the invasion of their privacy, compels the Court to enter an order that balances Defendants' Sixth Amendment concerns that anonymity infringes upon their presumption of innocence, and juror protection.  Such balancing is necessary because the presumption of innocence is worthy of close judicial scrutiny and safeguards.  Any suggestion or indication to the jury otherwise, places this right in

4

jeopardy.

Sixth Circuit jurisprudence regarding the use of anonymous juries relies heavily on precedent from the Second Circuit. *United States v. Thomas*, 757 F.2d 1359 (2d Cir. 1985), *cert. denied*, 474 US. 819 (1985) is particularly persuasive. In *Thomas*, the Court held protection of juries and shrouding them in anonymity trumps the presumption of innocence if two factors are met: (1) the trial court finds strong reason to believe the jury needs protection; and (2) the Court takes reasonable precautions to minimize the prejudicial effects of anonymity. *Id*. at 1365. The protection jurors in this case may need is not from the Defendants but from the media. A partially anonymous jury will minimize the prejudicial effects of near certain pretrial and trial media attention, but will also protect the Defendants' presumption of innocence.

### C. Anonymous Juries and the Presumption of Innocence

The decision to empanel an anonymous jury involves dual considerations: the Court must ascertain that the defendant "retains his or her right to an unbiased jury by conducting voir dire designed to uncover any bias" as well as provide a neutral reason to the jurors so they will "refrain from inferring that anonymity was necessary due to the character of the defendant." *United States v. Talley*, 164 F.3d at 1002. "There may be instances in which an anonymous jury is empaneled in such a way as to jeopardize constitutional rights--such as the right to a presumption of innocence–but an anonymous jury is not a constitutional violation in and of itself. *United States v. Lawson*, 535 F.3d at 441.

Defendants contend an anonymous jury infringes on the presumption of innocence by creating an inference that they are dangerous. The Government

disagrees, arguing that the Court has already taken steps to mitigate any potential negative impact by preparing, with the assistance of the parties, an extensive ninety-six question, thirty-page questionnaire for use during voir dire. The questionnaires ask for knowledge of the case, personal background information, experience with weapons, as well as attitudes towards persons working in law enforcement and the Government. Additionally, there will be individual voir dire of each potential juror.

The extensive amount of information available regarding each potential juror alleviates defense concerns that they will have insufficient information at their disposal to select an impartial jury and exercise challenges.

The Court recognizes that a finding in favor of an anonymous jury that relies on factors that other courts have found relevant--such as ties to organized crime and the possibility of lengthy sentences--comes dangerously close to imperiling the presumption of innocence. However, the Court makes no such finding. In fact, the Court wants to be clear that this decision today is not based at all on a belief that Defendants present a danger to potential jurors. An instruction to the jury regarding the media and the need for some anonymity, does not contain an inference that the Defendants are dangerous. In combination, an extensive voir dire, disclosure of pertinent information to all counsel, and a neutral explanation, are sufficient to protect the Defendants' presumption of innocence.

The approach that this Court adopts will guarantee that Defendants have all the information they need to conduct a voir dire concerning issues in the case, will raise no inference to the jury that the Court believes the Defendants are dangerous, gives the jurors a truthful, neutral and non-prejudicial reason for requiring some anonymity, and

6

protects juror privacy.

**V.    CONCLUSION**

Defendants' Motion Opposing the Empaneling of an Anonymous Jury is **GRANTED** in part.

Only Counsel will have full access to all juror information; Counsel are prohibited from sharing names, addresses, and places of employment with anyone else, including their clients. All jury selection in open Court will be accomplished by numbers and not by names. Counsel must refrain from referencing names, addresses, and places of employment during voir dire. Counsel is prohibited from conducting any type of surveillance or investigation of jurors using information Counsel is prohibited from disclosing.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 13, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 13, 2012.

S/Linda Vertriest
Deputy Clerk