UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CASE NUMBER: 10-20123
                                                  HONORABLE VICTORIA A. ROBERTS

v.

DAVID BRIAN STONE, ET. AL.,

        Defendant.
_____/

## ORDER REQUIRING GOVERNMENT TO COMPLY WITH FED. R. CRIM. P. 16(a)(1)(G)

On January 5, 2012, Defendant David Brian Stone filed a Motion to Preclude Government's "Expert Witness" Michael Barkun and for *Daubert* Hearing. (Doc. #532). Defendants Michael Meeks, Tina Mae Stone, Thomas Piatek, Joshua Stone, and David Stone, Jr. join (Doc. #s 539, 543, 548, 554, 558).

Defendants say the Government's November 30, 2011 notice of Professor Barkun's proposed testimony is woefully inadequate and fails to comply with Fed. R. Crim. P. 16(a)(1)(G). In response, the Government requests that the Court hold a hearing pursuant to *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) to test the admissibility of Professor Barkun's expert testimony; it says the professor will not offer opinion testimony and will instead assist the jury by providing background information about conspiracy theories. The Government says it will be basing its direct examination of Professor Barkun on several chapters from one of his books.

The Government says it will only provide written materials to Defendants if the

1

professor produces written work product. This is in direct violation of Fed. R. Crim. P. 16(a)(1)(G). According to the rule, "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The Government offers Professor Barkun as an expert witness under Fed. R. Evid. 702; thus, it must comply with Fed. R. Crim. P. 16(a)(1)(G) and provide a written summary, not of the topics the professor will opine on, but of his actual testimony.

The Advisory Committee Notes for Rule 16(a)(1)(G) make clear that Defendants are entitled to a summary of Professor Barkun's proposed testimony even though he will give only background, non-opinion testimony:

> [T]he requesting party is entitled to a summary of the expected testimony. This provision is intended to permit more complete pretrial preparation by the requesting party. For example, this should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion.

Fed. R. Crim. P. 16(a)(1)(G), Advisory Committee Notes (1993 Amendment).

The Government's November 30, 2011 notice does not summarize the professor's testimony, only the topics on which he will testify. This notice does not serve the goals of Rule 16; it does not permit Defendants to adequately prepare to examine Professor Barkun. Nor is it sufficient for the Government to first present this information at a *Daubert* hearing as it suggests in a footnote on page 5 of its Brief. (*See* Doc. # 575 at 5 n. 2).

The Government must provide to Defendants a summary of Professor Barkun's proposed testimony no later than **Tuesday, January 17, 2012 at 5:00 pm** or risk

exclusion of his testimony under Fed. R. Crim. P. 16(d)(2)(C).

**IT IS ORDERED.**

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated: January 13, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 13, 2012.

<u>S/Linda Vertriest</u>
Deputy Clerk

---