UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                Case No: 10-20123
                                                Honorable Victoria A. Roberts

DAVID STONE, ET AL,

    Defendants.

_____/

## ORDER DENYING GOVERNMENT'S MOTION
## FOR A PROTECTIVE ORDER

**I.    INTRODUCTION**

Before the Court is the Government's Motion for a Protective Order Regarding Use and Disclosure by Defendants of Jencks and *Giglio* Material (Doc. #534). The matter has been fully briefed. The Motion for a Protective Order is **DENIED**. Defendants' request for a continuance -- made in their response brief -- is **DENIED**.

**II.    BACKGROUND**

Defendants are charged with: (1) Seditious Conspiracy (18 U.S.C. § 2384); (2) Conspiracy to use Weapons of Mass Destruction (18 U.S.C. §2332a(a)(2)); (3) Use and Carrying of a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)); (4) Possessing a Firearm in Furtherance of a Crime of Violence (18 U.S.C. §924(c)(1)). Defendants David Stone, David Stone, Jr., and Joshua Stone are charged with various other weapons-related offenses.

1

Defendants' charges arise from their involvement in an organization known as the Hutaree. The Government alleges the Hutaree is "an anti-government militia organization which advocated and prepared for violence against local, state, and federal law enforcement." (Doc. # 293; Second Superseding Indictment at 2).

The Government agreed to provide early disclosure of witness statements ("Jencks material") and possible impeachment materials for government witnesses ("*Giglio* material") to Defendants, including grand jury transcripts subject to the grand jury secrecy rule, Fed.R.Crim.P. 6(e).  However, between the agreement and disclosure, the Government filed this motion.  The Court instructed the Government not to provide that information until the Court decides this protective order motion.

### III. ANALYSIS

#### A. Parties' Arguments

The Government seeks a protective order limiting the disclosure of the Jencks and *Giglio* materials to defense counsel, Defendants, and persons assisting in the preparation of defenses.  The Government seeks the protective order for two reasons: first, to avoid disclosure to third parties who have no claim of access and no connection to the preparation of the defense; and second, to protect the privacy and security interests of Government witnesses.  The Government says a protective order will not inhibit the Defendants' rights to use this material at trial.

Defendants' oppose the motion.  Defendants say the Government has waived its ability to ask for a protective order because it waited too long.  Defendants also say the Government states only conclusory allegations and does not demonstrate the existence

of safety concerns. Therefore, the Government does not meet its burden to show a protective order is justified. Defendants argue that discovery has been delayed by the timing of the Government's motion; and the Defendants' ability to prepare for trial has been impeded. As a result, the delay in discovery impinges on the Defendants' Fifth Amendment Due Process right to prepare for trial, as well as the Defendants' right to confront and cross-examine witnesses. Defendants ask the Court to prohibit the Government from introducing the evidence, or, in the alternative, grant a continuance.

In response, the Government argues that potential disclosure of witness information to uncharged members of the Hutaree or like-minded individuals could affect the security of government witnesses. The Government alleges that these security concerns are sufficient to constitute good cause for a protective order. The Government also says the Jencks Act does not require the release of Jencks material until after direct examination. The purpose of earlier disclosure of the information is to assist defense preparation for trial. The Government says Defendants object to the protective order without explaining how they are harmed if third parties don't have access to the information. The Government contends that this information is sensitive in nature and disclosure should be limited.

**B.    Legal Standard**

Under Rule 16 of the Federal Rules of Criminal Procedure, the Government must produce, together with other items, information "material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E)(i). But, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed.R.Crim.P. 16(d). The Advisory Committee notes to the 1974 amendment of Rule

3

16 state: "Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."

Good cause is established on a showing that "disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (Noting in a civil context that a party must demonstrate good cause when requesting a protective order). The burden of justifying confidentiality rests with the party seeking the protective order. *Id.* at 786-87.

Federal courts generally apply a balancing test to determine whether good cause exists. "The Court must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* at 787. "Disclosure of government witness lists and exculpatory or impeachment information and evidence implicates the due process considerations of the Fifth Amendment." *United States v. Celis*, 608 F.3d 391, 828 (D.C.Cir. 2010), citing *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002).

### C. The Government's Broad Allegations of Harm Are Insufficient to Justify a Protective Order

The Government has not met its burden to show disclosure will cause a clearly defined and serious injury. The Government says a protective order is necessary to ensure the security of witnesses from uncharged members of the Hutaree or like-minded individuals. However, the Government has only put forward broad allegations supported

4

by case law that is largely inapposite.  In *United States v. Celis*, a case involving acts by a drug trafficking organization in Columbia, the district court issued an order allowing government witnesses to testify under pseudonyms and limiting their true identities from being shared with anyone located in Columbia without permission. *United States v. Celis*, 608 F.3d at 829 .  The *Celis* motion–unlike this one--set out in "vivid detail"  the reasons for the protective order.  *Id.*  In a sealed motion, the government reported that the drug trafficking organization had made specific threats to kill anyone who betrayed the defendant.  *Id.* at 832.

The Government cites a Fourth Circuit case for the general proposition that the Court has the authority to regulate the production and use of discovery materials.  *United States v. Moussaoui*, 591 F.3d 263, 281 (4th Cir. 2010), a case involving an al Qaeda terrorist plot, noted that "good cause" includes the protection of information vital to national security.  *Id*.  *Moussaoui*  involved a protective order issued pursuant to the Classified Information Procedures Act (CIPA).  Here, the Government has made no mention of classified information, items affecting national security, or specific allegations of potential harm.   Defendants face serious charges, including conspiracy to overthrow the Government and Conspiracy to use Weapons of Mass Destruction.  However, the serious nature of the charges, coupled with the Government's generalized concerns about security, are not sufficient to grant this protective order request.

The burden of justifying the protective order rests with the Government.  Since the Government has not met this burden, the Court need not address whether the Defendant's albeit unarticulated interest in unrestricted information, outweighs the Government's broad allegations that there is a need to protect the privacy and security of

5

witnesses.  Protective orders are the exception, not the rule, and appropriate reasons must be given for their entry.  The Government has not given the Court sufficient reasons for protection.

The Court does not reach Defendants' other procedural and evidentiary arguments, and makes no finding concerning their argument that the Government waived its right to request a protective order.  However, the Court does find that Defendants' rights to prepare for trial have not been impinged by this short delay in the production of Jencks and *Giglio* material.

## IV.    CONCLUSION

The Government's Motion for a Protective Order Regarding Use and Disclosure by Defendants of Jencks and *Giglio* Material is **DENIED.**  Defendants' request for a continuance is **DENIED.**

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 18, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 18, 2012.

S/Linda Vertriest
Deputy Clerk