UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,           CASE NUMBER: 10-20123
                                          HONORABLE VICTORIA A. ROBERTS

v.

DAVID BRIAN STONE, ET. AL.,

                  Defendant.

_____/


## ORDER DENYING DEFENDANTS' MOTION IN LIMINE
## TO BAR INTRODUCTION OF EVIDENCE REGARDING AUTOMATIC WEAPONS
## OR IN THE ALTERNATIVE TO ORDER TESTING

On January 5, 2012, David Brian Stone moved to bar the Government from introducing testimony regarding the "automatic" nature of the weapons mentioned in Counts 8, 9, and 10 of the Second Superceding Indictment. (Doc. # 531). Defendants Michael Meeks, Tina Mae Stone, Thomas Piatek, David Stone, Jr., and Kristopher Sickles join. (Doc. #s 541, 542, 549, 558, 566).

Defendants say they retained an expert, Steven Howard, to examine the weapons and to assist in Defendants' preparation. They say the Government allowed Mr. Howard to view and physically inspect the weapons. Defendants say Mr. Howard told them it would be necessary for him to fire the weapons to test the claims made in the reports of Government witnesses; the Government refused, they say. According to Defendants, this refusal violates Fed. R. Crim. P. 16(a)(1)(E) and their right to confront witnesses against them under the Fifth and Sixth Amendments to the United States

Constitution. They ask the Court to preclude the Government from introducing evidence about the automatic nature of the firearms. *See* Fed. R. Crim. P. 16(d)(2)(C).

The Government says Mr. Howard first raised the subject of test firing on March 29, 2011 with the law enforcement agents present during his inspection; the agents informed him that the issue needed to be worked out by the attorneys in the case, and that was the last time the issue was raised.

The Government says it called defense counsel after this motion was filed and offered the test firing procedure outlined in its response. It states its only concerns are safety and risk of liability if harm results from test firing by non-law enforcement personnel. However, the Government – taking into consideration the defense's specific concerns about the Government's original test firing conducted in February 2011 – outlines a proposal:

> The government can coordinate with defense counsel and Mr. Howard for a mutually agreeable time to meet at a gun range. Mr. Howard can visibly and manually inspect the weapons (without the loaded magazine inserted) and hand the weapon back to the agent responsible for the firing. The agent will then insert the magazine, switch the selector switch of the weapon to full auto, and fire the weapon (all in the presence of Mr. Howard).

(Doc. # 573 at 6). The Government believes this procedure is a reasonable accommodation that would address the concerns of the defense, ensure safety, and minimize risk of liability. The Government says it did not act in bad faith and Defendants will not suffer prejudice; there is still time before trial to test fire.

Defense counsel now says, "[i]f the proposal is not prejudicial to the defendant's ability to present a defense, and the new test can be scheduled consistent with Mr. Howard's schedule...counsel will agree." (Doc. # 584).

2

Defense counsel raised the issue of test firing in March 2011, knew it was potentially problematic, and waited until January 5, 2012 – a little over a month before trial – to raise it in a formal motion. Defendants cannot now argue that too much time has lapsed and Mr. Howard may not be available to conduct the test firing. They could have taken steps to resolve the issue months ago. Nor do Defendants suggest any way in which the Governments' proposal prejudices their ability to present a defense. Defendants must schedule a time with the Government and Mr. Howard to test fire the weapons before trial.

The Court **DENIES** Defendants' motion.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 18, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 18, 2012.

S/Linda Vertriest
Deputy Clerk