UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Case No: 10-20123
                                                              Honorable Victoria A. Roberts

DAVID BRIAN STONE, ET AL.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' RENEWED MOTION FOR LODGING EXPENSES

Before the Court is David Stone, Jr.'s, Tina Stone's, and Kristopher Sickle's Renewed Motion for Lodging Expenses. (Doc. # 633). Defendants rely on *United States v. Mendoza*, 734 F.Supp.2d 281 (E.D.N.Y. 2010), the Criminal Justice Act (18 U.S.C. § 3006A), and *United States v. Badalamenti*, No. 84 Cr. 236 (PNL), 1986 WL 8309 (S.D.N.Y. July 22, 1986) to support their request for payment of lodging expenses at a Detroit hotel for the duration of trial, which is expected to last between six and eight weeks.

In *Mendoza*, a district court in New York held that under the special circumstances of that case, lodging in New York could be provided for out-of-state defendants during their trial pursuant to the CJA's language that counsel may obtain compensation for "investigative, expert, or *other services* necessary for adequate representation...." 18 U.S.C. § 3006A (emphasis added). The court concluded that the "other services" language could be broadly construed to cover lodging expenses for out-

1

of-state defendants released on bail pending and during trial with insufficient funds to travel each day between their homes and the court, or to cover their own hotel accommodations. *Mendoza*, 734 F.Spp.2d at 286.

The *Mendoza* court first looked into other options including directing the United States Marshals Service to cover lodging expenses, securing lodging in a halfway house through the Pre-Trial Services Agency, and ordering the government to pay for lodging as a matter of due process. *See id.* at 284-86. The court did not find these options suitable. *Id.*

The court held that the Marshals Service was not required by statute to provide lodging and subsistence to out-of-town defendants during trial. *Id.* at 284 (citing 18 U.S.C. § 4285). It said confinement in a community corrections facility pursuant to the Pretrial Services Act, 18 U.S.C. § 3154(4), was not a good option either. *Id.* at 285-86. It asked for the input of the Chief Pretrial Services Officer, who commented that halfway house facilities are not appropriate for defendants released on pre-trial supervision because they have strict rules limiting the freedom of those staying there and the admittance process can be complicated and lengthy. *Id.* However, the court acknowledged that some courts have held that the Pretrial Services Act is the only means by which defendants can obtain food and lodging during trial short of paying themselves. *Id.* at 285 (citing *United States v. Gundersen*, 978 F.2d 580, 584 (10th Cir. 1992)).

Finally, the court concluded that the government was not required to pay for lodging as a matter of due process. *Id.* at 286. It found the facts distinguishable from those of another case where then-District Judge Pierre Leval ordered the government to

pay for lodging.  *Id.*  (citing *Badalamenti*, 1986 WL 8309, at *2).  The court observed that in *Badalamenti* the trial lasted a year and a half, whereas the Mendoza/Jones trial was scheduled to last less than two weeks.  *Id.*

Defendants ask that the Court follow *Mendoza* or *Badalamenti* and order payment either under the CJA or by the Goverment.  The Court is not persuaded that these options are suitable for this case.  The *Badalamenti* court confined its holding to the "extraordinary circumstances of [that] trial" where the defendant was "required to attend trial a thousand miles from his home for over a year...."  1986 WL 8309, at *2.  Such extreme circumstances are absent here.  The trial is scheduled to last no longer than eight weeks and Defendants would have to travel between 75 and 115 miles one way to be present, rather than 1,000 miles.

Likewise, payment out of CJA funds is not appropriate.  The *Mendoza* court admitted that its interpretation of the CJA's language was "tortured."  734 F.Supp.2d at 286.  Furthermore, there are several limitations to this option.  First, there is a compensation maximum of $2,400 per Defendant under the CJA.  *See Guide to Judiciary Policy - Volume 7: Defender Services § 310.20.10*, USCOURTS.GOV, http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/vol7PartA/vol7PartAChapter3.aspx (last visited February 1, 2012).  The cost to house Defendants at a local hotel will be approximately $10,000 per Defendant.  Although the $2,400 maximum can be waived, waiver must be approved by the Chief Judge of the Sixth Circuit as necessary to provide fair compensation for services of an unusual duration.  *Id.* § 310.20.20.  Second, with the trial fast approaching, it appears defense counsel would have to foot the bill for their clients until reimbursement could be

obtained under the CJA. This was required in *Mendoza*. 734 F.Supp.2d at 286.

If Defendants do not want to drive daily, lodging through pretrial services at a Community Corrections Center is the only viable option. *See* 18 U.S.C. § 3154(4) (defining one function of pretrial services as expending funds to ensure that defendants released on bond pending and during trial appear in court as required). Importantly, the shortcomings of this option identified in *Mendoza* are lacking here. The Court asked Pretrial Services about the availability of lodging for Defendants at Community Corrections Centers in this area for the duration of the trial, the process for admittance, and the restrictions that would be imposed on Defendants. The Court learned that there is space for all three Defendants at local halfway houses, the admittance process is simple – requiring only a few phone calls – and it seems that no greater limitations on liberty will be imposed than those already in place as conditions of Defendants' release on bond. Defendants would be provided food and transportation at no cost to them as well if they exercise this option.

In the end it is Defendants' choice to either accept local lodging at a halfway house or drive to Detroit and back each day of the trial. If they choose to drive, and they qualify for mileage, they can get mileage reimbursement for one way trips. If they choose to be housed at a Community Corrections Center, the bond condition requiring location monitoring will be continued as directed.

Accordingly, Defendants' Renewed Motion for Lodging Expenses is **DENIED**.

**IT IS ORDERED.**

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: February 1, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 1, 2012.
>
> S/Linda Vertriest
> Deputy Clerk